UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COURTNEY ELIZABETH
HALL PICKETT,

    Plaintiff,                                Civil Action No. 17-CV-13145

vs.                                             HON. BERNARD A. FRIEDMAN

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR REMAND

This matter is presently before the Court on plaintiff's motion for summary judgment and defendant's motion for remand [docket entries 13 and 15]. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide these motions without a hearing. For the reasons stated below, the Court shall grant both motions and remand the case for further proceedings.

Plaintiff has brought this action under 42 U.S.C. § 405(g) to challenge defendant's decision denying her application for Social Security disability insurance benefits. An Administrative Law Judge ("ALJ") held a hearing in July 2016 (Tr. 34-65) and issued a decision denying benefits in September 2016 (Tr. 17-28). This became defendant's final decision in July 2017 when the Appeals Council denied plaintiff's request for review (Tr. 1-3).

Under § 405(g), the issue before the Court is whether the ALJ's decision is supported by substantial evidence. As the Sixth Circuit has explained, the Court

> must affirm the Commissioner's findings if they are supported by substantial evidence and the Commissioner employed the proper legal standard. *White*, 572 F.3d at 281 (citing 42 U.S.C. § 405(g)); *Elam ex rel. Golay v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th

> Cir. 2003); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (internal quotation marks omitted); see also *Kyle*, 609 F.3d at 854 (quoting *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009)). Where the Commissioner's decision is supported by substantial evidence, it must be upheld even if the record might support a contrary conclusion. *Smith v. Sec'y of Health & Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989). However, a substantiality of evidence evaluation does not permit a selective reading of the record. "Substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (internal citations and quotation marks omitted).

*Brooks v. Comm'r of Soc. Sec.*, 531 F. App'x 636, 640-41 (6th Cir. 2013).

At the time of the ALJ's decision, plaintiff was 55 years old (Tr. 41). She has a high school education, "some college," and work experience as a preschool teacher (Tr. 41, 318). Plaintiff claims she has been disabled since January 2013 due to bipolar disorder, PTSD, personality disorder, high blood pressure, and carpal tunnel syndrome (Tr. 282, 317).

The ALJ found that plaintiff's severe impairments are "left carpal tunnel syndrome, schizoaffective disorder, post-traumatic stress disorder (PTSD), and history of substance and alcohol dependence" and that her hypertension and diabetes are non-severe (Tr. 22). The ALJ found that plaintiff cannot perform her past work (Tr. 27), but that she has the residual functional capacity ("RFC")

> to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant could perform frequent fingering with the left upper extremity. The claimant would be limited to simple, routine, and repetitive tasks performed in a work environment free of fast-paced production involving only simple

2

work related changes with only simple work related decisions with few, if any, workplace changes. She would be limited to no interaction with the general public and occasional interaction with coworkers.

(Tr. 24). A vocational expert ("VE") testified in response to a hypothetical question that a person of plaintiff's age, education, and work experience, and who has this RFC, could perform certain unskilled medium-level jobs such as cleaner, hand packager, or "picker packer" (Tr. 60-61). The ALJ cited this testimony as evidence that work exists in significant numbers that plaintiff could perform and concluded that she is not disabled (Tr. 28).

Having reviewed the administrative record and the parties' briefs, the Court concludes that the ALJ's decision in this matter is not supported by substantial evidence because (1) the decision does not explain how the ALJ arrived at the conclusion that plaintiff's condition has improved since her last application, which was denied on the grounds that she has the RFC to do light work; and (2) his RFC assessment of plaintiff is flawed, and this flawed RFC assessment was incorporated into the hypothetical question put to the VE.

Regarding the first issue, ALJ Holiday found in December 2012 that plaintiff was not disabled because she had the RFC to do light work with limitations on the use of her left arm and hand, i.e., occasional overhead reaching and handling and frequent fine manipulation.[1] In the instant

---

[1] Specifically, ALJ Holiday found that plaintiff could

perform light work as defined in 20 CFR 404.1567(b) except she can only occasionally perform overhead reaching and handling with the left upper extremity. The claimant can only frequently perform fine manipulation with the left upper extremity. The claimant must avoid even moderate exposure to hazards like dangerous machinery and unprotected heights. The claimant's work must be limited to simple, routine tasks. The claimant requires a low-stress job (defined as requiring no more than occasional decision-making with no more

3

action, ALJ Rabaut found in September 2016 that plaintiff has the RFC for a "full range of work at all exertional levels" with the only limitation on the use of her left arm and hand being that she "could perform frequent fingering" (Tr. 24). That is, ALJ Holiday found in 2012 that plaintiff was limited to "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds," 20 C.F.R. § 404.1567(b) (defining light work), and that she could only occasionally reach her left arm overhead, while ALJ Rabaut found in 2016 that plaintiff can work "at all exertional levels" with no restriction on overhead reaching but with the same limitation on manipulating/fingering in her left hand. "All exertional levels" would include even very heavy work, which "involves lifting objects weighing more than 100 pounds at a time with frequent lifting or carrying of objects weighing 50 pounds or more." 20 C.F.R. § 404.1567(e) (defining very heavy work). Medium work "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 404.1567(c).

ALJ Rabaut acknowledged that under *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837 (6th Cir. 1997), "[t]he prior finding concerning the claimant's residual functional capacity is binding absent evidence of an improvement or change in condition since the prior hearing" (Tr. 20).[2]

---

> than occasional changes in the work setting). The claimant should have no more than brief, superficial interaction with the public and with co-workers.

(Tr. 73-74).

[2] In *Drummond*, defendant denied plaintiff's first application for disability insurance benefits on the grounds that she had the RFC for sedentary work. *See* 126 F.3d at 838. Defendant denied plaintiff's subsequent application on the grounds that she had the RFC for medium-level work. *Id.* at 839. The court of appeals held that principles of administrative res judicata apply to Social Security disability decisions and remanded for an award of benefits because defendant had not met its burden of proving that plaintiff's "condition improved

4

Despite this acknowledgment, ALJ Rabaut offered no explanation as to how he arrived at his finding "that the evidence of record shows that there has been a change in the claimant's condition since the prior decision" (Tr. 20). Moreover, to the extent "there has been a change in the claimant's condition," the change appears to have been for the worse, not the better. Since ALJ Holiday's decision, plaintiff has been diagnosed with bilateral carpal tunnel syndrome ("CTS"), which ALJ Rabaut included among plaintiff's severe impairments (Tr. 22). Plaintiff wears a brace on her left wrist (Tr. 393, 428), her grip strength in her left hand is reduced (Tr. 432), and her primary care physician has referred her to a "hand surgeon for further evaluation and treatment" (Tr. 729). Additionally, plaintiff testified that her "hands swell up, they get numb" (Tr. 45), testimony the ALJ did not address. ALJ Rabaut does not explain how a person with bilateral CTS – much less a 55-year old, 155-pound woman (Tr. 750) who has this impairment – could be expected to lift the weight required by work at "all exertional levels" (Tr. 24) or at the medium level (Tr. 28). Nor, as required by *Drummond* and as defendant concedes in her motion for remand, does he explain how, despite this severe impairment that has arisen since ALJ Holiday limited plaintiff to light work, he concluded that plaintiff's condition has *improved*, such that she is now able to do heavier work than before. It is not enough for the ALJ to simply state *Drummond*'s requirement. On remand, the ALJ must apply it to the facts of this case and, if he again finds that plaintiff's condition has improved, articulate a reasoned, record-based explanation for this conclusion.

Even if ALJ Rabaut were not bound by ALJ Holiday's earlier decision, ALJ Rabaut's RFC assessment lacks substantial evidence support for other reasons as well. First, he failed to consider the side effects of plaintiff's medications. The record shows that plaintiff takes, or at

---

significantly between the two hearing dates." *Id.* at 843.

various times has taken, a large number of medications, including Amlodopine, Atenolol, Hydrocodone, Methacarbamol, Prozac, Risperidone, Norvasc, Vicodin, Robaxin, Resperdal, Tenorectic, Seroquel, Desyrel, Hydrochlorothiazide, Zyprexa, Abilify, and Zocor (Tr. 319, 340, 393, 404, 430, 436, 439, 585, 686, 725), several of which have known side effects. Indeed, plaintiff indicated on her function report that several of her medications make her sleepy and unable to concentrate (Tr. 340) and that she spends much of the day sleeping (Tr. 334).

The ALJ's failure to make any findings as to this issue is an error requiring remand, as the Sixth Circuit has held that the ALJ must evaluate "[t]he type, dosage, effectiveness, and side effects of any medication" as part of the process of determining the extent to which side effects impair a claimant's capacity to work. *Keeton v. Comm'r of Soc. Sec.*, 583 F. App'x 515, 532 (6th Cir. 2014) (quoting 20 C.F.R. § 416.929(c)(3)(i)-(vi)). Further, hypothetical questions to vocational experts must account for medication side effects. *See White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 789-90 (6th Cir. 2009). On remand, the ALJ must determine which medications plaintiff was taking during the relevant time period; make findings as to the nature and severity of these medications' side effects, if any; and, as appropriate, revise his RFC assessment and his hypothetical question(s) to the VE.

Second, the RFC assessment in this matter is flawed because the ALJ seems to have entirely overlooked two mental impairments that appear repeatedly in the medical records. The ALJ found that plaintiff has "schizoaffective disorder" and PTSD, but he made no mention of the fact that plaintiff has also been diagnosed with borderline personality disorder and bipolar disorder (e.g., Tr. 396, 409, 416, 440, 546, 583, 591, 599, 612-13, 668, 676, 691, 699, 705, 714). On remand, the ALJ must evaluate these impairments, determine whether they are severe or non-severe, and, as

6

appropriate, revise his RFC assessment and his hypothetical question(s) to the VE.

Third, the RFC assessment in this matter is flawed because it minimizes the severity of plaintiff's mental impairments to an extent not supported by the record. The ALJ found that plaintiff has a "mild restriction" in her activities of daily living and "moderate difficulties" in social functioning. These findings have little, if any, record support. Plaintiff testified that she does not socialize with others, that she sits in her house all day, that she does not watch TV or listen to the radio, that she does not cook or do household chores, that she does not drive, and that she has no hobbies (Tr. 48-50). On her function report, plaintiff indicated that she "sleeps constantly"; that she fears people and crowds; that she used to, but no longer can, cook, do laundry, use a computer, ride a bike, or socialize; that she does not shop and finds paying bills and dealing with money "overwhelming"; and that the only place she goes regularly is the doctor's office (Tr. 333-39). The ALJ made no mention of this evidence. Nor did he make any finding that he doubted plaintiff's credibility. On remand, the ALJ must reevaluate all of the evidence concerning plaintiff's social functioning and activities of daily living[3] and reconsider whether the severity of her mental impairment meets any of the applicable listings. If no listings are met, the ALJ must reevaluate his RFC assessment in light of the entire record, including plaintiff's testimony, and, as appropriate, put revised hypothetical question(s) to the VE.

In the same vein, the ALJ must reevaluate the significance of plaintiff's low Global

---

[3] The ALJ neglected to note that counseling records in October 2014 indicated that plaintiff needed a "verbal prompt" to engage in various activities of daily living, including eating, dressing, toileting, bathing, grooming, and taking medicine (Tr. 570). Nor did he note that the same records indicate under the "community involvement" category that plaintiff engages in no activities such as going to the bank, restaurants, stores, movies, or the post office (Tr. 576). On remand, the ALJ must review the entire record in assessing plaintiff's mental functioning.

7

Assessment of Functioning ("GAF") scores. Noting three such scores in October 2013 (GAF 45), November 2014 (GAF 40), and August 2015 (GAF 20-45) (Tr. 26, citing Tr. 397, 558, and 437, respectively), the ALJ gave "little weight" to these scores because they provide "a snapshot of the claimant's level of functioning" but not "a reliable longitudinal picture of the claimant's mental functioning" (Tr. 26). The ALJ appears to have overlooked the fact that in addition to the three GAF scores he cited, the record contains at least thirteen others which presumably do provide a "longitudinal picture" over this 22-month period (Tr. 410, 546, 558, 600, 613, 619, 662, 669, 676, 683, 691, 699, 714). Most of plaintiff's scores were 40. A GAF score of 50 or below indicates "serious impairment in functioning." *Norris v. Comm'r of Soc. Sec.*, 461 F. App'x 433, 436 (6th Cir. 2012). On remand, the ALJ must review all of plaintiff's GAF scores and decide whether they warrant any adjustment in his RFC assessment.

For these reasons, the Court concludes that the decision in this matter is not supported by substantial evidence. Remanding the matter for an award of benefits would not be appropriate at this time because the record, in its current state, is not such that "proof of disability is overwhelming or . . . proof of disability is strong and evidence to the contrary is lacking." *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994). Rather, the matter must be remanded so that defendant may address the deficiencies noted above. Accordingly,

IT IS ORDERED that defendant's motion for remand is granted.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment is granted and this matter is remanded for further proceedings to address the issues outlined in this opinion.

8

This is a sentence four remand under § 405(g).


Dated: March 16, 2018           s/Bernard A. Friedman
Detroit, Michigan              BERNARD A. FRIEDMAN
                                        SENIOR UNITED STATES DISTRICT JUDGE


**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 16, 2018.

                                          s/Johnetta M. Curry-Williams
                                          Case Manager